**TOAONO M. KELEMETE, FAUSAGA TOOMATA, FUIONO TUI, and IVOGA TAUTUNU for and on behalf of the Lemeana`i Family of Ili`ili, Appellants,**

**v.**

**ATUALEVAO MEREDITH, SUALUA MASANIAI, and DOES 1-10, Appellees.**

High Court of American Samoa
Appellate Division

AP No. 14-02

May 18, 2004

Before WARD,[*] Acting Associate Justice, GOODWIN,[**] Acting Associate Justice, TASHIMA,[***] Acting Associate Justice, and TAPOPO, Associate Judge.

Counsel: For Appellants, Katopau T. Ainu`u
 For Appellees, Arthur Ripley, Jr.

---

[*] Honorable John L. Ward, II, Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior

[**] Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of Interior.

[***] Honorable A. Wallace Tashima, Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

OPINION

WARD, Acting Associate Justice:

Appellants contend that the trial court erred in its Opinion and Order by finding that Appellee, the late Atualevao Meredith ("Atualevao"), is the *sa`o* or senior *matai* of the Lemeana`i communal family of Ili`ili. Specifically, Appellants argue that the trial court erred by failing to follow findings of fact from previous court decisions and by finding that the family's practice of having three family members sign documents affecting the family's land was a sign of respect by the *sa`o* for other family members. For the following reasons, we affirm the trial court's decision.

## Background

On April 20, 2001, Appellants Toaono M. Kelemete, Fausaga Toomata, Fuiono Tui, and Ivoga Tautunu sought to enjoin Atualevao and Sualua Masaniai from engaging in construction on the family's communal land known as "Siasiaga," and sought a declaration that Atualevao lacked the authority to permit construction on or clearing of Lemeana`i communal land.

On May 18, 2001, Appellees answered the complaint and counterclaimed for a declaration that Atualevao is the senior *matai* or *sa`o* of the Lemeana`i family, to void transactions taken without the authorization of Atualevao, and to remove non-family members who are situated on Lemeana`i family land without Atualevao's permission.

Trial was held on November 8-9, 2001. On May 2, 2002, the trial court denied Appellants' request for relief and held that the "Atualevao" title is the *sa`o* of the Lemeana`i family and, therefore, that Atualevao, as the titleholder, was the Lemeana`i family *sa`o*. *Kelemete, et al. v. Atualevao, et al.*, Opinion and Order at 11 (Land & Titles Div. May 2, 2002). Appellants filed a motion for a new trial or reconsideration, which was denied by the trial court on July 24, 2002. On July 31, 2002, Appellants filed a notice of appeal.

## Discussion

### I. Standard of Review

■ The trial court's findings of fact are reviewed for clear error. A.S.C.A. § 43.0801(b); *Paolo v. Utu*, 26 A.S.R.2d 18, 19 (App. Div. 1994); *Toeaina v. Malae*, 25 A.S.R.2d 31, 32 (App. Div. 1993); *Tuileata v. Amituana`i*, 8 A.S.R.2d 173, 175 (App. Div. 1988). The test for clear error is "not whether facts in the record may support a decision for an

appellant, but whether sufficient evidence supported the trial court's decision." *Toleafoa v. American Samoa Gov't*, 26 A.S.R.2d 20, 21 (App. Div. 1994).

## II. Previous Court Decisions

Appellants contend that the trial court failed to follow specific findings of fact from previous court cases. (Appellants' Am. Opening Br. at 6-9.) Appellants argue that in *Iosia v. Heirs of Lemeana`i*, AP No. 1-1954, slip op. at 2 (App. Div. Jan. 22, 1954), the appellate court found that "Atualevao was a lesser matai of the family" (Appellants' Am. Opening Br. at 6), and that in *Malama v. Sagia*, LT No. 02-78, slip op. at 2 (Land & Titles Div. Sept. 18, 1978), the trial court found the "Atualevao" and "Aumavae" titles were equal in rank (Appellants' Am. Opening Br. at 6-8).

The trial court took judicial notice of the previous court files and presented a thorough discussion of some of the previous court decisions involving the Lemeana`i family. The trial court noted that the "decisions are not entirely consistent regarding the status of the 'Atualevao' title." Opinion and Order at 5 (Land & Titles Div. May 2, 2002). The trial court distinguished the *Iosia* decision by noting that its finding that the "Atualevao" title was a lesser *matai* title was consistent with the earlier decision of *Vao v. Toloumu*, Case No. 45-1914 (Trial Div. Dec. 18, 1914), which found that Atualevao Maiu`u, a non-blood member of the Lemeana`i family, could retain his title but was restricted from alienating family lands due to the non-blood nature of his connection to the "Atualevao" title. The trial court pointed out that *Iosia* was decided after the death of Atualevao Maiu`u but before Atualevao's father held the "Atualevao" title. Therefore, the trial court found the *Iosia* court did not need to consider the "non-blood" basis of the *Vao* decision. Opinion and Order at 8. The trial court did not err in its interpretation of the *Iosia* case.[1]

The trial court also was not bound to follow the specific finding of fact from the *Malama* case that the "Atualevao" and "Aumavae" titles are of equal rank. Appellants do not argue that Atualevao is collaterally estopped from arguing that he is the family *sa`o*. Indeed, Atualevao points out that he was not a party to the *Malama* case and was not afforded the opportunity to argue his position. (Appellees' Br. at 12.)

---

[1] In any event, the trial court could reach a different factual finding than the *Iosia* court. Indeed, in *Reid v. Tavete*, 23 A.S.R.2d 101 (Land & Titles Div. 1993), the trial court noted that "[b]ecause the appellate court . . . used the 'clearly erroneous' standard of review, it is possible to have different results regarding factual questions in cases with different parties." *Id.* at 112.

There is no basis to invoke the doctrine of collateral estoppel. *See, e.g., Tavete v. Estate of Lagafuaina*, 11 A.S.R.2d 54, 76 (Land & Titles Div. 1989) ("The estoppel can apply, however, only against a party who was represented in the earlier litigation.").

■ Moreover, the doctrine of stare decisis is inapplicable for several reasons. First, the *Malama* court did not rely on this specific factual finding in reaching its conclusions of law. Opinion and Order at 8-9. *See generally*, 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 134.01 (3d ed. 1999) ("The doctrine of stare decisis extends to the holdings of prior decisions, but it does not extend to mere dicta (e.g., statements that were unnecessary to the result in a prior decision)."). Second, the trial court's finding in *Malama* was one of fact, and "[s]tare decisis . . . applies to questions of law and not of fact, to general propositions rather than to specific inquiries." *Lagafuaina*, 11 A.S.R.2d at 77. *See generally* 18 MOORE'S FEDERAL PRACTICE § 134.05(3) ("The doctrine of stare decisis does not apply to the determination of the facts of a case.").[2] The trial court did not err by failing to follow the specific findings of fact from prior cases.[3]

## III. The Lemeana`i Family Practice

Appellants also argue that the trial court's finding that the Lemeana`i family practice of having three family members sign documents affecting communal property was instituted "to maintain peace and harmony when the family did not have a *sa`o* who was clearly accepted within the family as having authority over family lands" was clearly erroneous. (Appellants' Am. Opening Br. at 11-12.) *See* Opinion and Order at 9.

■ The trial court found that Atualevao William Meredith continued this practice out of respect for other family members and that Atualevao continued this practice when he became the titleholder in 1982. Opinion and Order at 9-10. In light of the evidence adduced at trial, the trial court's finding is not clearly erroneous. *See Roman Catholic Diocese of Samoa Pago Pago v. Avegalio*, 20 A.S.R.2d 70, 73 ("The reviewing court accords particular weight to the trial judge's assessment of conflicting and ambiguous facts."). The trial court's finding that Atualevao is the *sa`o* of the Lemeana`i family is supported by substantial

---

[2] This is also applicable to the factual finding in the *Iosia* case.

[3] Appellants also seem to take issue with the trial court's findings of fact based on the testimony of certain witnesses at trial. However, "it is not the province of the appellate court to determine the credibility of conflicting evidence." *American Samoa v. Makuati*, 1 A.S.R. 663, 664 (App. Div. 1938) (citations omitted). The trial court's findings are supported by substantial evidence.

evidence and will not be disturbed.[4]

## Conclusion

For the aforementioned reasons, the trial court's decision is AFFIRMED.

It is so ordered.

---

[4] We also point out that the trial court noted the "Atualevao" title is registered under A.S.C.A. § 1.0401, while the "Lemeana`i" title is not registered under the statute. The legal distinctions between registered and unregistered titles are significant.